UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 14-42934-705 |
| | ) | Honorable Charles E. Rendlen, III |
| CHARLES D. HUTTER, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | **MOTION TO SELL REAL AND** |
| | ) | **PERSONAL PROPERTY** |
| | ) | |
| | ) | Hearing Date:  September 17, 2014 |
| | ) | Hearing Time:  9:30 a.m. |

### MOTION TO SELL REAL AND PERSONAL PROPERTY

COMES NOW David A. Sosne, the duly appointed and acting Chapter 7 Trustee in bankruptcy for the estates of Charles D. Hutter ("Trustee"), by and through undersigned counsel, and for his Motion to Sell Real and Personal Property ("Motion") pursuant to 11 U.S.C. § 363 and Rule 6004 of the Federal Rules of Bankruptcy Procedure, respectfully states to the Court as follows:

1. Charles D. Hutter ("Debtor") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 1001 et. seq. (the "Bankruptcy Code") on April 15, 2014 (the "Petition Date").

2. Trustee is the duly appointed and acting Chapter 7 Trustee for the Debtor's bankruptcy estate.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334.  This matter is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(A) and (N).

4. Among the assets of the bankruptcy estates are the Debtor's interest in (i) real property located at 7365 West Florissant Avenue, St. Louis, Missouri 63136 (the "Real Property") and (ii) all personal property and equipment located in and on the Real Property

including, without limitation, a freezer, multiple fryers, stainless steel tables, signs, french fry station, utility cart, computer, printer, walk-in cooler, shelving and other equipment and leftover inventory from the operation of the Real Property as a "Charlie's Chicken" carry-out restaurant (collectively the "Personal Property").

6. The Trustee received and accepted an offer to purchase the bankruptcy estate's interest in the Real Property and the Personal Property from ARAL, Inc. (the "Purchaser") for $85,000.00.

7. The agreement between the Trustee and the Purchaser is expressly conditioned upon the approval of the United States Bankruptcy Court, Eastern District of Missouri.

8. The terms of the sale are explicitly and completely set forth in the Commercial and Industrial Real Estate Sale Contract, and all related addenda, counteroffers, riders and attachments (collectively, the "Contract"), which are attached hereto as Exhibit "A" and incorporated herein by reference. A summary of the material terms of the sale are as follows:

    a. The Trustee shall sell the bankruptcy estate's interest in the Real Property and Personal Property to the Purchaser, or its assigns/designees, on an "AS IS" basis, without warranty, representation or guaranty of any kind by the Trustee, for the purchase price of $85,000.00.

    b. The Purchaser deposited $1,000.00 in escrow as an earnest money deposit to be held until the closing of the sale on the Real Property and Personal Property. The remainder of the proceeds of sale, being $84,000.00, shall be paid to the Trustee at closing.

1496537-1                                                2

c.  Closing on the Real Property and Personal Property shall occur no sooner than the 14th day after the entry of a final and nonappealable Order approving this Motion and the sale, unless otherwise authorized by this Court.

d.  The Purchaser shall be responsible for and shall pay any and all costs associated with closing, except that the Trustee and the bankruptcy estate shall pay any and all commissions due to Trustee's real estate agent/broker and any State or County taxes attributable to the Real Property and Personal Property for all years prior to the present, as well as the bankruptcy estate's pro rata share of any current State or County real estate taxes or related taxes on the Real Property.

e.  At closing, the Trustee shall convey all of the bankruptcy estate's interest in the Real Property to the Purchaser, or its assigns/designees, by Trustee's Quit Claim Deed and shall convey the bankruptcy estate's interest in the Personal Property to the Purchaser, or its assigns/designees, by a general Bill of Sale.

f.  The sale of the Real Property and Personal Property shall be on an "AS IS, WHERE IS" basis, without representation, warranty or guaranty of any kind and shall be free and clear of liens or encumbrances pursuant to 11 U.S.C. § 363, with any valid liens or encumbrances attaching to the sale of proceeds.

g.  The sale shall be subject to <u>no</u> contingencies, except for Trustee's ability to convey merchantable title to the Real Property.

h.  If approval of the aforementioned Contract is not obtained from the Bankruptcy Court, the Contract shall be null and void and the Purchaser shall be entitled to a return of all earnest money.

        i.      Trustee shall bear no liability or responsibility to the extent there exists a discrepancy or deficiency with respect to the title of the Real Property and/or the Personal Property.  Purchaser is solely responsible for investigating the chain of title to the Real Property and/or Personal Property.  Trustee shall not be responsible to correct nor liable for any damages associated with unmarketable or insufficient title to the Real Property and/or Personal Property.

9.      The Trustee will apply the proceeds of the sale first to pay any and all closing costs for which the bankruptcy estate is liable under the Contract, including the sales commission to Trustee's real estate agent, Mick Sanders and RE/MAX Results, in accordance with the Listing Contract (Limited Agency) (Exclusive Right to Sell) and related Bankruptcy Trustee Addendum (collectively, the "Listing Agreement"), previously approved by this Court, for which the Trustee seeks this Court's final approval, and any and all valid liens or encumbrances on the Real Property, such as, but not limited to any federal, state or county tax liens.  The balance of the proceeds will be administered by the Trustee in the normal course of administration of the bankruptcy estate.

10.      The offer described above is the highest outstanding offer the Trustee has received for the Real Property and Personal Property.  Given the location of the Real and Personal Property and the current public disturbances in the area, the Trustee believes the offer is fair and reasonable, and that it is in the best interest of the bankruptcy estate to sell the Real Property and Personal Property, as the sale will provide the bankruptcy estate immediately available funds and maximize potential distribution to creditors.

12.      The Trustee has not requested approval for the institution of bid procedures at this time.  However, in the event that objections or higher offers are submitted by other

potential and competing bidders and/or competing bidders appear at the scheduled hearing on this Motion, the Trustee reserves the right to orally move this Court to approve bid procedures to the extent such become necessary to effectuate an efficient auction of the Real Property and Personal Property to the highest and best bidder.

13. Given the location of the Real and Personal Property and the current public disturbances in the area, the Trustee requests that this Court waive any and all applicable stays to its Order approving this Motion, such that the Order is final upon entry on this Court's docket.

WHEREFORE, the Trustee respectfully prays this Honorable Court make and enter an Order (a) approving the Contract; (b) approving the sale of the bankruptcy estate's interest in the Real Property and Personal Property in accordance with the terms of the Contract, on an "AS-IS" basis, with no representations or warranties of any kind, free and clear of any and all liens and encumbrances pursuant to 11 U.S.C. § 363, with any and all valid liens and encumbrances attaching to the proceeds of sale; (c) approving the commission to Trustee's real estate agent in accordance with the Listing Agreement previously approved by this Court; (d) authorizing the Trustee to pay the costs and commissions associated with the sale, including a commission to Trustee's real estate agent as described herein; (e) authorizing the Trustee to accept the proceeds of sale and pay any valid liens or encumbrances on the Real Property and Personal Property; (f) authorizing the Trustee to deposit the balance of the proceeds in the bankruptcy estate's account for administration and eventual distribution to creditors; (g) authorizing bid procedures to the extent requested by the Trustee or his counsel at the hearing; (h) waiving any and all applicable stays to its Order

approving this Motion, such that the Order is final upon entry on this Court's docket; and (i) granting such further relief as this Court deems just and proper.

                                        Respectfully submitted,
                                        SUMMERS COMPTON WELLS LLC

Date:  August 27, 2014                By: /s/ Brian J. LaFlamme
                                        BRIAN LAFLAMME, (#49776MO)
                                        Attorney for Trustee
                                        8909 Ladue Road
                                        St. Louis, MO  63124
                                        (314) 991-4999/(314) 991-2413 Fax
                                        trusteeatty@summerscomptonwells.com

### CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served via electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri to the parties requesting service by the electronic filing.  I hereby also certify that a copy of the foregoing was served via United States Mail, first class postage prepaid, on the date of the electronic filing.  The individuals and entities being served electronically or by mail are:

| | |
|---|---|
| United States Department of Justice<br>U.S. Trustee's Office<br>111 S. 10th Street, Ste. 6353<br>St. Louis, MO 63102 | Bernhardt W. Klippel, III<br>Morris and Klippel<br>225 S. Meramec, Ste. 1100<br>Clayton, MO 63105 |
| Charles D. Hutter<br>15 Estates Court<br>Saint Louis, MO 63136 | Mick J. Sanders<br>RE/MAX Results<br>820 S. Main Street, Suite 203<br>St. Charles, MO 63301 |
| First Community Credit Union<br>15715 Manchester Rd.<br>Ballwin, MO 63011 | Gateway Restaurant Equipment<br>1441 N. 2nd St.<br>St. Louis, MO 63102 |
| Ocwen Loan Servicing<br>P.O. Box 24738<br>West Palm Beach, FL 33416 | |

Date:  August 27, 2014                                            /s/ Marquita Monroe